1817.

DEMAREST
v.
WYNKOOP.

Motion denied.

---

*DEMAREST and wife *against* WYNKOOP and others.      [ * 461 ]

Proceedings in a suit in this Court will not be stayed, on motion, until the *costs* in certain suits at *law*, between the same parties, relating to the same subject, in which the plaintiffs had been nonsuited, or verdicts found against them, be paid, by the plaintiffs.
The rule applies only when both suits are in the *same* Court; or, at least, in Courts of the *same nature*, and proceeding in the same manner, and on the same principles, either at law or equity.

*HENRY,* in behalf of the defendants, moved, that all further proceedings in this cause, on the part of the plaintiffs, be staid, until the costs of certain suits in ejectment, in the Supreme Court, were paid. He read an affidavit, stating that the plaintiffs commenced an action of ejectment at law, in 1809, against the defendant *Wynkoop,* on which a verdict and judgment were obtained for the defendant *W.* That, in 1811, the plaintiffs commenced ejectments at law against the defendants *Dubois* and *Astor,* in each of which suits the plaintiffs were nonprossed. That the defendants became entitled to the costs of those suits, which have not been paid, and that the plaintiff *Demarest* was, and still is, insolvent. That the bill sets up some claim of title to certain portions of the land, under pretence of which the ejectments had been prosecuted. That the cause is at issue in this Court, and testimony taken.

*H. Bleecker,* contra.

*June* 2d.

1817.

DEMAREST
v.
WYNKOOP.

[ * 462 ]

THE CHANCELLOR. A similar application was made in the case of *Wild* v. *Hobson*, (2 *Vesey & Beame*, 105.) and Lord *Eldon* said, the principle of staying one action until the *costs of a former action between the same parties on the same subject matter, were paid, had never been applied, where the one suit was in equity, and the other at law. In all other cases, if the two suits had not been in the same Court, yet they were in Courts of the same nature, and proceeding upon the same principles, and in the same mode. Thus, in *Melchart* v. *Halsey*, (3 *Wils*. 149.) a suit in the C. B. was stayed, until the costs of a former suit in the K. B. were paid; and in *Holbrooke* v. *Cracraft*, (5 *Vesey*, 706. note.) the Court of Chancery required the costs of a former bill between the same parties in the exchequer to be previously paid. The interference has, in no instance, been carried further. There is a great distinction between legal and equitable jurisdictions, as to the mode of proof, the mode of trial, and the nature of the relief. Such a change in the remedy does away the presumption of vexation. The party having tried the question at law, may apply to the defendant's conscience; and Lord *Eldon* says, it was never asserted, that a plaintiff must not bring an ejectment until he has filed a bill, and he thought it might be productive of mischief to apply the principle to this case.

On the strength of the reason and authority of that case, and in the absence of all practice and precedent to the contrary, I shall deny the motion, but without costs.

*Motion denied.*